IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER BEARDEN,

       Petitioner,

v.                                                              Case No. 3:22-cv-01612-NJR

WARDEN OF MARION USP,

       Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Christopher Bearden is a federal inmate currently residing at a Residential Reentry Center in Nashville, Tennessee.[1] Bearden filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the computation of the prison credit allocated towards his federal sentence. (Doc. 1). At the time he filed his Petition, Bearden was housed at United States Penitentiary – Marion ("USP Marion"), which is located within the Southern District of Illinois. (Doc. 8-1, p. 2).

### RELEVANT FACTS AND PROCEDURAL HISTORY

Bearden is serving a 46-month sentence imposed by the United States District Court for the Eastern District of Tennessee. (Doc. 1); *United States v. Christopher Mark Bearden*, No. 1:20-cr-00015-CLC-CHS-1. His projected release date is June 4, 2024.[2] Before his time in the federal system, Bearden was arrested in Hamilton, Tennessee, on two

---

[1] https://www.bop.gov/inmateloc/ (last visited on Oct. 12, 2023).
[2] *Id.*

counts of property theft, a Class C felony in Tennessee. (Doc. 8-2, p. 6). He pleaded guilty to both charges in November 2017. (*Id.*). As a result, Bearden was sentenced to three years' imprisonment or ten years' state supervised probation. (*Id.*). He was subsequently released on supervised probation. (*Id.*). Almost two years later, Bearden violated the terms of his supervised probation after an arrest pursuant to a drug-related search warrant. (Doc. 8-1, p. 3). This incident did not result in filed charges, but state authorities detained Bearden in the Hamilton County Jail for violation of his supervised probation. (*Id.*).

In February 2020, a Tennessee judge revoked Bearden's probation and reinstated his original three-year sentence of confinement. (Doc. 8-2, p. 5). At that time, the court applied a pre-sentence jail credit of 163 days to account for time spent in jail from the date of his arrest to the date of his sentencing. (*Id.*). The next month, Bearden was transferred from the Tennessee state authorities to the United States District Court for the Eastern District of Tennessee pursuant to a writ of habeas corpus *ad prosequendum*. (*Id.* at p. 8). In federal court, Bearden faced several charges under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for Possession with the Intent to Distribute Heroin and under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as a Felon in Possession of a Firearm and Ammunition. (*Id.* at p. 16). Almost a year later, in February 2021, while held in federal custody, Bearden's state sentence expired. (*Id.* at p. 13).

Bearden pleaded guilty to his federal charges in May 2021 and received a 46 month term of imprisonment. (*Id.* at pp. 16-17). Five months later, Bearden filed an administrative grievance with the Warden of USP Marion. (Doc. 1, pp. 20-21). In his grievance, Bearden

stated that the Bureau of Prisons ("BOP") failed to account for a custody credit for the "nineteen months spent in federal holding" before his sentencing on the federal charges. (*Id.*). The Warden denied Bearden's request under 18 U.S.C. § 3585(b), which prohibits the application of credit for time spent serving another sentence. The Warden explained that during the nineteen months for which Bearden sought credit, he remained under a state sentence. (*Id.* at p. 17). Thus, that time could not also be applied to his federal sentence. (*Id.*).

Next, Bearden filed a Regional Administrative Appeal to the North Central Regional Office of the BOP in January 2022. (*Id.* at p. 19). Bearden claimed that he was entitled to a credit towards his federal sentence for the nineteen months of presentence time. (*Id.*). He noted that he had been in federal custody since March 16, 2020. (*Id.*). The Regional Director of the BOP denied Bearden's request, stating that Bearden's federal sentence computation indicated that it had started when his state sentence expired. (*Id.*). The Regional Director further highlighted that the requested credit was already awarded towards Bearden's state sentence and if credited to his federal sentence, he would receive "double credit." (*Id.*).

After this denial, Bearden filed a Central Office Administrative Remedy Appeal. (*Id.* at pp. 3, 14). In his appeal, Bearden argued that he was entitled to jail credit from March 16, 2020, through June 9, 2021. (*Id.* at p. 3). An Administrator for the National Inmate Appeals denied Bearden's request stating that a writ of habeas corpus *ad prosequendum* merely means that the federal court "borrows" the prisoner, and this alone cannot be "considered for the purpose of crediting presentence time." (*Id.* at p. 14). As a

result, the Administrator asserted that Bearden was technically subjected to state confinement for the relevant period, and his federal sentence commenced when his sentence was imposed on May 5, 2021. (*Id.* at pp. 14-15). After exhausting his administrative remedies, Bearden filed a Petition for Writ of Habeas Corpus. (Doc. 1).

DISCUSSION

As an initial matter, Bearden properly raised this challenge to the calculation of his sentence under 28 U.S.C. § 2241. A petition under Section 2241 is the appropriate means to contest the BOP's calculation of the date on which a prisoner must be released. *Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021); 28 U.S.C. § 2241.

In his Petition, Bearden argues that from March 16, 2020, when he was transferred to federal authorities, until the expiration of his state sentence on February 26, 2021, he remained under federal custody, not state custody, and, thus, his federal sentence should be credited for that time. As evidence, he highlights documentation from the Tennessee Department of Correction ("TDOC") and the Tennessee Board of Parole delaying his parole hearing on his state sentence until he was returned from federal custody. In his reply brief, Bearden builds on this argument by asserting that his original state sentence included parole eligibility after serving 30% of his three-year sentence. He reasons that he should have received a parole hearing after serving 30% of his sentence which would have resulted in earlier release from state custody and a longer credit to his federal, rather than state, sentence.

In response to Bearden's Petition, Respondent argues that the BOP properly calculated Bearden's sentence because his state and federal sentences were not imposed

concurrently, Bearden was technically under state custody for the contested period pursuant to a writ of habeas corpus *ad prosequendum*, and he received credit for time served in federal custody after his state sentence expired. Respondent also emphasizes that the BOP computed Bearden's sentence in compliance with 18 U.S.C. § 3585 and applied the appropriate credits to his federal sentence.

"A writ of habeas corpus *ad prosequendum* enables a state to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989). Where a writ expressly requires the return of the prisoner to the "sending" state, that state "retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *United States v. Lemus-Rodriguez*, 495 F. App'x 723, 725 (7th Cir. 2012). As such, the prisoner remains under the jurisdiction of the sending sovereign, and the sending sovereign, not the "receiving" sovereign, is considered to maintain custody of the prisoner. *Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999); *see also Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992) ("The issuance of the writ of habeas corpus *ad prosequendum* did not alter his custody status. It merely changed the location of his custody for the sentence he was already serving."). When the federal government is the receiving state, the custody of the prisoner is a matter of comity between the two sovereigns (i.e., whether the prisoner is returned to the sending state, or the prisoner is compelled to serve the federal sentence upon conviction). *Flick*, 887 F.2d at 781.

Here, Bearden points to documentation from two agencies within Tennessee that stated Bearden was in federal custody during the contested time. This mention of federal

custody, however, references temporary *physical* custody, not jurisdiction over Bearden.

Under the writ of habeas corpus *ad prosequendum* issued by the United States District

Court for the Eastern District of Tennessee, state authorities "loaned" Bearden to federal

authorities. Pursuant to Seventh Circuit law, this did not alter Bearden's custody status,

as the writ explicitly stated, "Following resolution of Mr. Bearden's [federal] case, he will

be returned to the Hamilton County Jail in Chattanooga, Tennessee[.]" (Doc. 8-2, p. 8).

From March 16, 2020, until Bearden's state sentence expired on February 26, 2021,

Tennessee retained jurisdiction over Bearden. Only after his state sentence expired was

Bearden exclusively subjected to federal custody.

The time spent detained from March 2020 to February 2021 was credited to

Bearden's state sentence. In calculating a federal sentence,

> [a] defendant shall be given credit toward the service of a term of
> imprisonment for any time he has spent in official detention prior to the
> date the sentence commences—(1) as a result of the offense for which
> the sentence was imposed; or (2) as a result of any other charge for
> which the defendant was arrested after the commission of the offense
> for which the sentence was imposed; *that has not been credited against
> another sentence*.

18 U.S.C. § 3585(b) (emphasis added). Because the State of Tennessee counted the time

served from March 2020 to February 2021 to satisfy Bearden's three-year state sentence,

the BOP cannot also give Bearden credit for this time towards his federal sentence.

Bearden's original state judgment classified him as a "standard offender" with

release eligibility at "Standard 30%." (Doc. 8-2, p. 6). After revocation of his supervised

probation in February 2020, Bearden's sentencing judge ordered the original sentence

into execution. (Doc. 8-2, p. 5). Bearden argues that he should have been released after

serving 30% of his three-year sentence, but he never received a parole hearing because he was detained in federal custody. While it is true that his original sentence imagined parole eligibility after 30% of time served, Bearden was not *guaranteed* release at 30%, rather he was eligible. *See Brennan v. Board of Parole*, 512 S.W.3d 871, 873 (Tenn. 2017) (citing Tenn. Code Ann. §§ 40-28-117(a)(1), 40-35-503(b)) ("Parole is a privilege, not a right."). A Tennessee prisoner is not entitled to immediate release upon reaching his or her minimum date for parole eligibility. *Wortman v. State*, No. M2021-00068, 2021 WL 5174701, at \*10 (Tenn. Ct. App. 2021). Thus, the Court rejects Bearden's argument that he should have been released after serving 30% (or 328.5 days) of his sentence. As to Bearden's parole hearing, it appears the TDOC suspended any parole hearing while Bearden remained in the physical custody of federal authorities. (Doc. 1, p. 7). As discussed above, when the federal government is the receiving state on a writ of habeas corpus *ad prosequendum*, the custody and transfer of the prisoner is a matter of comity between the two sovereigns. But this does not change the fact that Bearden was under state jurisdiction during the relevant time period.

While Bearden seeks allocation of credit towards his federal sentence for the period of March 16, 2020, to February 26, 2021, credit for that period was allocated to his state sentence. For the time after his state sentence expired, starting on February 27, 2021, until the time of his federal sentence on May 5, 2021, the BOP applied a 67-day credit to Bearden's federal sentence. The Court finds that the BOP did not err in calculating Bearden's federal sentence, and appropriately considered which credits applied to his state and federal sentences.

CONCLUSION

For these reasons, Petitioner Christopher Bearden's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly. A copy of the Order and Judgment shall be mailed to:

**Christopher Bearden**
55035-074
RRM - Nashville
701 Broadway St., Suite 124
Nashville, TN 37203

**IT IS SO ORDERED.**

**DATED: October 12, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**